UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| NAOMI J. EMMICH, | ) | CIV. 11-5066-JLV |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S |
| vs. | ) | UNOPPOSED MOTIONS |
| | ) | |
| ROBYN E. PETREE, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Robyn Petree moves to file a third-party complaint for contribution against Robert Emmich.  (Docket 15).  Because the deadline for joining additional parties and amending the pleadings expired on February 1, 2012, see Docket 10 at p. 2, Ms. Petree moves for leave to modify the scheduling order to allow the out-of-time filing of the third-party complaint. (Docket 12).  Plaintiff Naomi J. Emmich does not oppose the motions. (Dockets 12 at p. 1 & 15 at p. 1).

The court first addresses Ms. Petree's motion to modify the scheduling order (Docket 12).  Because Ms. Petree seeks leave to file the third-party complaint out-of-time, she first must satisfy the good-cause standard of Fed. R. Civ. P. 16(b).  Under Rule 16(b), the court may modify its scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b)(4).  "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling]

order's requirements." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716-17 (8th Cir. 2008) (citation and internal quotation marks omitted). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id.

  Counsel for Ms. Petree explained he inadvertently missed the February 1, 2012, deadline because of a calendaring error. (Docket 13 at pp. 1-2). Counsel discovered the error on February 18, 2012, when reviewing the file and soon after filed the present motion on February 21, 2012. Id. at p. 2. The court found no authority to support the argument this type of mistake constitutes good cause under Rule 16(b). Indeed, a review of case law suggests counsel's inadvertent error or mistake is not good cause. See Wiese v. Centex Homes, No. 08-cv-00377-ZLW-MEH, 2009 WL 890957 at *1 (D. Colo. March 31, 2009) (collecting inter-circuit cases). It is well within the court's discretion to deny Ms. Petree's motion on the basis she cannot establish good cause to excuse the out-of-time filing.

  However, the court notes counsel immediately filed the motion upon discovering the error and the length of delay was brief, approximately three weeks from the expiration of the deadline to the filing of the motion. Further, Ms. Emmich does not oppose the motion, and the brevity of the delay negates

any significant prejudice to her. Finally, the interest of judicial economy weighs heavily in favor of joining all relevant parties in one lawsuit. For these reasons only, the court will grant Ms. Petree's motion to modify the scheduling order (Docket 12) and will excuse the untimeliness of Ms. Petree's motion for leave to file a third-party complaint (Docket 15).

The court next turns to whether a third-party complaint against Mr. Emmich is appropriate under Fed. R. Civ. P. 14, which governs third-party practice. Because of the timing of Ms. Petree's motion, she must seek leave of the court. Fed. R. Civ. P. 14(a)(1). Rule 14 further provides "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Id. The court should screen the third-party complaint to determine if it is "obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim" or if joinder would result in confusion or prejudice at trial. See Fed. R. Civ. P. 14 advisory committee's note (recognizing the value of preliminary screening of impleaders through the leave procedure).

Additionally, "[i]n determining the merits of a motion to add third-party defendants under Rule 14, the court observes the standards applied to motions to amend under [Fed. R. Civ. P. 15]." Payne v. Beef Products, Inc., No. 8:10CV33, 2010 WL 3909460 at *2 (D. Neb. Sept. 30, 2010). Under Rule 15, the court should freely grant motions to amend when justice so requires. Fed.

3

R. Civ. P. 15(a). "[A] district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." Roberson v. Hayti Police Dep't, 241 F.3d 992, 995 (8th Cir. 2001). "Delay alone is not a reason in and of itself to deny leave to amend; the delay must have resulted in unfair prejudice to the party opposing amendment." Id. The burden to prove prejudice is on the party opposing the amendment. Id.

It appears the factors the court should consider under Rule 15 are similar to those the court should consider when conducting a preliminary screening of the proposed third-party complaint. The court has discretion to determine whether to allow joinder of a third party. Payne, 2010 WL 3909460 at *2.

The court finds it appropriate to allow Ms. Petree leave to file the third-party complaint against Mr. Emmich. The claims asserted against Mr. Emmich are not obviously unmeritorious under South Dakota law governing negligence. Because Ms. Emmich (as plaintiff) and Ms. Petree (as third-party plaintiff) assert claims that are inextricably intertwined, the claims should be tried together. Joinder of Mr. Emmich at trial will not cause confusion or prejudice, but rather will promote the important judicial interests of economy, efficiency of resources, and convenience of the parties and witnesses. Further,

Ms. Petree's delay in seeking leave to file the third-party complaint was not undue or done in bad faith.  The deadline for joining parties and amending pleadings expired only three weeks before Ms. Petree sought leave.  Additionally, the discovery deadline is July 2, 2012, and thus the discovery period remains open.  See Docket 10 at p. 2.  The court finds Ms. Emmich will not suffer unfair prejudice or undue delay in the adjudication of her claims–a finding bolstered by the fact Ms. Emmich does not oppose Ms. Petree's motion.  (Docket 15 at p. 1).  Based on these factors, the court will allow Ms. Petree to file a third-party complaint for contribution against Mr. Emmich.  Accordingly, it is hereby

ORDERED that Ms. Petree's unopposed motions (Dockets 12 & 15) are granted.  Within seven (7) days of the date of this order, Ms. Petree shall file a third-party complaint against Robert Emmich.  To avoid undue delay in this case, Ms. Petree shall serve the summons and third-party complaint on Robert Emmich as soon as possible.

Dated March 23, 2012.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

5